**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GILBERT THOMAS GREENFIELD, JR.,** | Civil Action No.: 2:09-4983 (DMC-JAD) |
| Plaintiff, | |
| v. | **OPINION** |
| **JON CORZINE, et al.,** | |
| **Defendants.** | |

**DICKSON, U.S.M.J.:**

This matter comes before the court upon application by *pro se* Plaintiff Gilbert Thomas Greenfield, Jr. ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the Plaintiff's submissions, and based upon the following, it is the finding of the Court that Plaintiff's application is **denied**.

I. **BACKGROUND**

On or about September 28, 2009, Plaintiff filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1) Plaintiff is involuntarily civilly committed to the care and custody of the New Jersey Department of Corrections. Plaintiff is housed in the Special Treatment Unit. This Unit is for housing persons found to be sexual violent predators under the New Jersey Sexual Violent Predator Act.

In his Complaint, Plaintiff asserted seven claims for relief: (1) that his continued confinement is punitive in nature in violation of Double Jeopardy, the ex post facto and due process clauses of the U.S. Constitution, and the Eighth and Fourteenth Amendments; (2) that the defendants have abused their authority by unreasonably restricting Plaintiff's right to be free from repressive and discriminatory conditions in violation of the Fifth, Eighth, and Fourteenth Amendments; (3) denial of educational and vocational treatment; (4) failure to provide adequate mental health treatment; (5) denial of religious exercise; (6) failure to provide access to the courts; and (7) defendants arbitrarily applied policies and procedures for the sole purpose of continuing Plaintiff's confinement. (Compl. ¶¶ 6.1-6.7, ECF No. 1) On May 6, 2010, the Court dismissed with prejudice Plaintiff's claims for continued confinement and denial of religious services with prejudice and dismissed without prejudice Plaintiff's claims for denial of access to the courts and denial of personal computer with Internet access. (Order, May 6, 2010, ECF No. 4) On October 22, 2010 and October 23, 2010, the defendants filed motions to dismiss the remaining counts in Plaintiff's Complaint. (ECF Nos. 16 and 17) On November 8, 2010, Plaintiff's Supplemental Complaint was filed. (ECF No. 22) In his Supplemental Complaint, Plaintiff asserts the same seven Counts that were asserted in the original Complaint (including the Counts that were previously dismissed by the Court) and adds three additional claims for relief: (1) retaliation in violation of the First and Sixth Amendments; (2) unlawful segregation in violation of the Fifth, Sixth, and Fourteenth Amendments; and (3) deliberate indifference by the defendants to his needs for medical services in violation of the Eighth and Fourteenth Amendments. (Supp. Compl. ¶¶ 6.1-6.14, ECF No. 22)

## II. DISCUSSION

The district court has broad discretion in appointing *pro bono* counsel under 28 U.S.C. § 1915(e)(1). <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 498 (3d Cir. 2002). When considering a request

for *pro bono* counsel, the district court must consider several evaluative factors, including whether: (1) the *pro se* party's claim has some merit; (2) the *pro se* party lacks the ability to present an effective case without an attorney; (3) the legal issues are complex or, if the ultimate legal issues are not complex, the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs; (4) factual investigation will be necessary and the *pro se* party is not adequately able to pursue said investigation; (5) the case is likely to turn on credibility determinations; (6) the case will require expert testimony; and (7) the *pro se* party is unable to afford counsel on his/her own behalf. See Parham v. Johns, 126 F.3d 454 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155, 158 (3d Cir. 1993). While no single factor is determinative, the Third Circuit has emphasized that as a threshold issue, the district court must make a determination as to the merits of the *pro se* party's claims before engaging in further evaluation. See Tabron, 6 F.3d at 155.

In the present case, Plaintiff alleges that his due process rights were violated by the defendants and asserts ten counts in his Supplemental Complaint: (1) continued confinement, (2) abuse of authority, (3) education and vocational, (4) failure to provide adequate treatment, (5) denial of religion, (6) failure to provide access to the courts, (7) equal application of policies and procedures, (8) retaliation, (9) due process, and (10) deliberate indifference. (Supp. Compl. ¶¶ 6.1-6.14, ECF No. 22) In its May 6, 2010 Order, the Court already dismissed Counts 1 and 5 with prejudice and Count 6 without prejudice. (Order, May 6, 2010, ECF No. 4) However, the Court allowed Counts 2, 3, 4 and 7 to proceed and also stated in its Opinion that Plaintiff's allegations appeared to support a claim for retaliation. Id. Accordingly, at the very least, five of Plaintiff's claims in the Supplemental Complaint appear to pass muster as being meritorious.

Upon sufficient showing of merit, the Court must then look to the ability of the plaintiff to present his case in determining whether to appoint counsel. Tabron, 6 F.3d at 156. Here, Plaintiff has demonstrated through his active participation in this case for over a year that he has an adequate understanding of his claims. Furthermore, he appears both literate and capable of performing the research necessary to develop his suit. Although he claims in his application for *pro bono* counsel that he has extremely limited access to legal materials and that he no longer has legal materials and supplies to prepare submissions to the Court, he has responded to all motions and memos made by his adversary to date[1] and has filed his own motions. Finally, although Plaintiff claims that he does not have access to a computer, Plaintiff has submitted typed documents to the courts, establishing that he has access to necessary resources to prepare clear and coherent submissions to the Court, including at least a typewriter. See Rayes v. Johnson, 969 F.2d 700 (8th Cir. 1992). Accordingly, despite being incarcerated like the plaintiffs in Tabron and Parham, Plaintiff appears to have access to a variety of resources often unavailable to imprisoned individuals.

Next, the Court must consider the complexity of the particular issues involved and the degree to which factual investigation and expert testimony is required. See Tabron, 6 F.3d at 156. The issue in this case is whether the defendants, in confining Plaintiff in the manner and under the circumstances in which he is currently held, are violating his rights. Although Plaintiff claims that the legal complexity of this action are beyond his capabilities, Plaintiff has not demonstrated at this stage of the proceedings that the factual claims are difficult to understand or that the legal issues involved are so complex such that the appointment of counsel is required. Furthermore, while a

---

[1] While the defendants have filed motions to dismiss Plaintiff's original Complaint, they intend to submit supplemental briefs in support of their motions to dismiss Plaintiff's Supplemental Complaint. As such, Plaintiff's responses to said motions are not yet due.

factual investigation may be necessary to further his claims, Plaintiff has not clearly shown that he is unable to pursue this investigation on his own accord. This is best evidenced by the papers submitted to the Court by Plaintiff, which contain exact information regarding the defendants and his circumstances. In addition, while Plaintiff argues that expert testimony may be required to support his claims, the Court is not convinced at this time that such testimony will be necessary in connection with his claim for failure to provide adequate treatment.

Finally, the ability of the plaintiff to obtain and afford counsel on his own behalf is an important factor. Plaintiff makes no mention of his financial status in his request for *pro bono* counsel. Plaintiff does not state that he has attempted to secure counsel and has been unable to so nor does he provide a statement of his account. Accordingly, the Court is not convinced that Plaintiff cannot obtain an attorney.

Accordingly, the appointment of *pro bono* counsel is not appropriate at this time.

### III.  CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's application for appointment of *pro bono* counsel is **denied**. An appropriate Order accompanies this Opinion.

                                                                                           _____
                                                                                           Joseph A. Dickson, U.S.M.J.

cc:    Hon. Dennis M. Cavanaugh, U.S.D.J.