NOT FOR PUBLICATION                                                                      CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GILBERT THOMAS GREENFIELD, JR., | Hon. Dennis M. Cavanaugh |
| Plaintiffs, | |
| v. | ORDER |
| JON CORZINE, et al., | Civil Action No. 09-cv-4983 (DMC - JAD) |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a Report and Recommendation ("R & R") (ECF No. 37) filed by Magistrate Judge Joseph A. Dickson (hereinafter, "Judge Dickson") on June 9, 2011, recommending that this Court grant in part and deny in part Defendant's motion to dismiss filed on October 23, 2010.

The parties were given notice that pursuant to Local Civil Rule 72.1, they had fourteen days from receipt of the R & R to file and serve any objections. Plaintiff filed opposition on July 15, 2011 (ECF No. 40). This Court is mindful of precedent in this District permitting relaxation of timeliness rules for pro se litigants, and has considered the objections raised by Plaintiff despite Plaintiff's filing out of time. See e.g., Martin v. Keitel, 2007 U.S. Dist. LEXIS 29000, *1-2 (D.N.J. Apr. 18, 2007) (JLL).

The standard of review guiding this Court contemplates "a de novo determination of those portions [of the R & R] to which objection is made." L. CIV. R. 72.1(c)(2). This Court may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Id. In conducting its review, the Court "may consider the record developed before the Magistrate Judge, making [its] own determination on the basis of that record." See also, N.J. Brain & Spine Cntr. v. Conn. Gen. Life Ins., No. 10-cv-4260, 2011 WL 4737063, at *2 (Oct. 6, 2011) (citing State Farm Indem. v. Fornaro, 227 F.Supp.2d 229, 231 (D.N.J.2002)). For the reasons stated herein, this Court **adopts** Judge Dickson's R & R as the opinion of the Court.

**WHEREAS** Plaintiff's claims are contained in the complaint (ECF No. 1) filed on September 28, 2009 and supplemental complaint (ECF No. 22) filed on November 8, 2011;

**WHEREAS** Judge Dickson finds that Plaintiff's "fourth cause of action for failure to provide adequate treatment" (Pl.'s Compl. ¶ 5.32-5.68 and ¶ 6.4, Sept. 28, 2009, ECF No. 1) (hereinafter, "Fourth Cause of Action") presents a plausible claim. Judge Dickson recommends that Plaintiff re-plead that claim with more specificity in accordance with Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-9 (2009), in the Alves v. Ferguson case (Docket No. 01-cv-789) now pending before this Court;

**WHEREAS** this Court, upon review of Judge Dickson's recommendation and the record before it, finds that this Fourth Cause of Action, properly plead, involves questions of law and fact common to the Alves v. Ferguson case;

**WHEREAS** Plaintiff's claims are barred under the 11th amendment and by the applicable statute of limitations and Plaintiff fails to state a plausible theory of liability beyond a respondeat superior relationship as to several Defendants and fails to supply evidence showing that his protected rights or liberty interests were violated;

**WHEREAS** this Court finds that Plaintiff's objections as to all counts besides the Fourth Cause of Action, do not cure the defects Defendants point out in their motion to dismiss;

2

IT IS on this __4__ day of April, 2012,

**ORDERED** that Defendants' motion to dismiss is **granted** in part, excepting Plaintiff's Fourth Cause of Action;

**IT IS FURTHER ORDERED** that Judge Dickson's R & R is hereby **adopted** as the opinion of this Court and Plaintiff is hereby instructed to **re-plead** his Fourth Cause of Action as a consolidated count in the case of <u>Alves v. Ferguson</u> (Docket No. 01-cv-789), now pending before this Court.

/s/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Original:   Clerk
cc:         All Counsel of Record
            Hon. Joseph A. Dickson, U.S.M.J.
            File